UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOMINICK VALENTI,            :
                               :
        Plaintiff,        :
                               :
v.                          : CASE No. 8:04-CV-1615-T-30TGW
                               :
UNUM LIFE INSURANCE     :
COMPANY OF AMERICA,     :
                               :
                               :
        Defendant.     :
_____:

O R D E R

THIS CAUSE came on to be heard upon the plaintiff's Motion to Compel Discovery and Memorandum of Law in Support Thereof (Doc. 34), the plaintiff's Motion to Compel Discovery and Memorandum of Law in Support Thereof (Doc. 59), and the defendant's responses thereto (Docs. 45, 63).  The remaining dispute with respect to these motions concerns materials in a prior litigation file that has been withheld from disclosure on the ground of the attorney-client privilege and the federal work product doctrine.

The plaintiff sued the defendant in Pinellas County Circuit Court under a policy of disability income insurance, and, after a favorable

jury verdict, had a final judgment entered in his favor on April 19, 2004.

Thereafter, the plaintiff filed a complaint in that court against the defendant

under §624.155, Fla. Stat., for bad faith insurance practices in relation to the

insurance policy (Doc. 2; Doc. 45, p. 1).  On July 13, 2004, the defendant

removed the case to this court (Doc. 1).

The plaintiff subsequently filed a motion to compel seeking,

under request 41 of his First Request to Produce, discovery of the

defendant's "complete litigation file for the subject loss" based upon the

Florida Supreme Court's decision in Allstate Indemnity Co. v. Ruiz, 899

So.2d 1121 (Fla. 2005) (Doc. 34, pp. 30-31). The defendant responded by

asserting attorney-client and litigation privileges (Doc. 45, p. 20).

The plaintiff also filed another motion to compel seeking under

his Second Request to Produce (Doc. 59, pp. 3, 5):

> Request to Produce No. 1: All materials
> including documents, memoranda and letters
> contained in the underlying claim and related
> litigation files that were created up to and
> including April 19, 2004.  See, e.g., Allstate
> Indemnity Co. v. Ruiz, 30 Fla. L. Weekly S219
> (Fla. April 7, 2005).
>
> Request to Produce No. 2: All materials
> including documents, memoranda and letters
> contained in the underlying claim and related

litigation files that were created or prepared after
April 19, 2004 but prior to June 11, 2004.

The defendant responded that it had produced the entire claim file, but, with

respect to portions of the litigation file, asserted the attorney-client, work

product and litigation privileges (Doc. 63, pp. 2-15).  Based upon these

privileges, the defendant was withholding the correspondence file, the in-

house attorneys' notes, case summaries, the outside counsel bills and

electronic correspondence files (Doc. 73, p. 3, Ex. A).

Two hearings have been conducted at which this issue was

addressed, and supplemental memoranda have been submitted.  At the

second hearing, plaintiff's counsel submitted a proposed order which almost

mirrors the language in Allstate Indemnity Co. v. Ruiz, supra, and indicates

the plaintiff is now seeking "all materials including documents, memoranda

and letters contained in the underlying claims and litigation files that were

created up to and including April 19, 2004" (plaintiff's proposed Order).

The requests for production at issue will be deemed to have been restated

to request these materials, and only these materials.

In Allstate Indemnity Co. v. Ruiz, supra, insureds in a first-

party action filed suit against their insurance company claiming it had acted

in bad faith.  The insureds sought documents from Allstate, including its

"claim and investigative file and materials, internal manuals" and the insurance agent's file.  Allstate Indemnity Co. v. Ruiz, supra, 899 So.2d at 1123.

In Ruiz, the Florida Supreme Court receded from a prior decision in Kujawa v. Manhattan National Life Insurance Co., 541 So.2d 1168 (Fla. 1989), which had held that files pertaining to the handling of an insured's claim were protected by the attorney-client privilege and the work product doctrine.  The court in Ruiz, noting that claim files and similar materials were discoverable in third-party actions against an insurance company, stated that there no longer is justification for a distinction between first-party and third-party bad faith actions with regard to the type of materials that are discoverable.  Allstate Indemnity Co. v. Ruiz, supra, 899 So.2d at 1128-31.  The court reasoned that the Florida Legislature with the enactment of §624.155, Fla. Stat., requires insurance companies to process claims in good faith and did not distinguish between first-party and third-party cases.  Therefore, the court said "[t]here simply is no basis upon which to distinguish between first-[party] and third-party cases with regard to the rationale of the discoverability of the claim file type material."  Id. at 1129. Consequently, the court held that, "under section 624.155, all materials,

including documents, memoranda, and letters, contained in the underlying claim and related litigation file material ..." are discoverable.  <u>Id</u>. at 1129-30.

The plaintiff in seeking litigation file material relies upon the idea in  <u>Ruiz</u> that there is no longer a distinction between first-party and third-party cases with respect to the types of materials that are discoverable (Doc. 72, p. 3).  Therefore, the plaintiff, pointing to Florida appellate decisions holding that in third-party actions the attorney-client privilege and the work product doctrine do not protect from disclosure claims and litigation file material (<u>id</u>. at p. 4), asserts, logically enough, that he is entitled in this first-party action to have everything in defense counsel's litigation file, including documents generally protected from disclosure by the attorney-client privilege.

The defendant counters that the court in <u>Ruiz</u> focused solely on the work product doctrine and did not address the attorney-client privilege (Doc. 73, pp. 9-11, 13).  The defendant supports his contention by arguing that the Florida Supreme Court in <u>Ruiz</u> only receded from a portion of its decision in <u>Kujawa</u> (<u>see</u> 899 So.2d at 1131) ("For these reasons, we believe that a portion of our decision in Kujawa is both legally and practically

untenable"). Thus, the defendant contends that <u>Kujawa</u>'s holding that the attorney-client privilege protects litigation material remains intact.

Both parties have reasonable arguments. Unfortunately, the Florida Supreme Court did not make clear whether the attorney-client privilege still exists in bad faith insurance actions. Nevertheless, it seems unwarranted to conclude that the court abolished that privilege in bad faith actions without even mentioning it.

An examination of <u>Ruiz</u> reveals that, throughout the opinion, the court was concerned only with the work product doctrine. Indeed, a concurring/dissenting opinion "emphasize[d] that the only issue being decided in this case is the discovery of work product in the claims file pertaining to the underlying insurance claim." <u>Allstate Indemnity Co.</u> v. <u>Ruiz</u>, <u>supra</u>, 899 So.2d at 1132.

In light of the fact that the <u>Ruiz</u> decision only talked about the work product doctrine, it would be an unreasonable leap to conclude that the decision also negated the attorney-client privilege in bad faith insurance actions. After all, the attorney-client privilege is a deeply embedded principle of law, far more than the work product doctrine. Further, the attorney-client privilege has been statutorily defined in Florida. <u>See</u>

§90.502, Fla. Stat.  The statute, moreover, has set forth specific exceptions to the attorney-client privilege, §90.502(4), Fla. Stat., and there is no exception for bad faith insurance actions.  It is appropriate to assume that the Florida Supreme Court would give deference to this statutory scheme and would not, sub silentio, create another exception to the attorney-client privilege.

Furthermore, in the context of the attorney-client privilege, there remains a distinction between first-party and third-party actions, and that distinction renders inapposite the third-party cases relied upon by the plaintiff in which the attorney-client privilege was overruled.  In third-party cases, there is an attorney-client relationship between the insured and the insurance company.  Consequently, in third-party bad faith actions, Florida courts have allowed discovery over the attorney-client privilege and the work product doctrine on the ground that the third-party stands in the shoes of the insured and is thus entitled to the claims material.  See, e.g., National Security Fire and Casualty Co. v. Dunn, 652 So.2d 1188 (Fla. App. 1995); Continental Casualty Co. v. Aqua Jet Filter Systems, Inc., 620 So.2d 1141 (Fla. App. 1993).  In other words, in a third-party situation, since the insured is represented by the attorney hired by the insurance company in the

underlying litigation and therefore would not be precluded by the attorney-client privilege or work product doctrine from seeing claims and litigation materials, the third-party would also not be foreclosed by those privileges in a bad faith action because he is deemed by the Florida courts to stand in the same posture as the insured.

However, in the first-party situation, an attorney-client relationship is not created between the insured and counsel for the insurance company. Consequently, in a first-party bad faith action, as in the underlying lawsuit, confidential communications between the insurance company and its lawyers would be protected by the attorney-client privilege, absent some exception. As previously explained, there is no statutory exception for bad faith insurance actions, and there is no justification for concluding that the Florida Supreme Court implicitly created one in <u>Ruiz</u>. Moreover, the theory of "standing-in-the-shoes" of the insured, which has been used in the third-party context, has no application here.

For these reasons, I conclude that the <u>Ruiz</u> decision has not changed the protection afforded to claims and litigation materials by the attorney-client privilege. Since the plaintiff's motions were based on the

broad principle that <u>Ruiz</u> did eliminate that protection, and they did not challenge specific applications of the privilege, the motions will be denied with respect to the three requests for production at issue.[*]

It is, therefore, upon consideration

ORDERED:

That the plaintiff's Motion to Compel Discovery and Memorandum of Law in Support Thereof (Doc. 34) and the plaintiff's Motion to Compel Discovery and Memorandum of Law in Support Thereof (Doc. 59) with respect to number 41 of his First Request to Produce and numbers 1 and 2 of his Second Request to Produce be, and the same are hereby, **DENIED**.

---

[*]While it appears that the application of the attorney-client privilege would defeat the three remaining requests for production, it is appropriate to note that the effect of <u>Ruiz</u> upon Florida's work product doctrine does not pertain here because Rule 26(b)(3), F.R.Civ.P., governs this federal court suit. <u>Baker</u> v. <u>General Motors Corp.</u>, 209 F.3d 1051, 1053 (8th Cir. 2000); <u>Frontier Refining, Inc.</u> v. <u>Gorman-Rupp Co., Inc.</u>, 136 F.3d 695, 702 n.10 (10th Cir. 1998). Nevertheless, for the reasons stated in <u>Ruiz</u>, seemingly an insured ordinarily could make the required showing in order to obtain the claim file and similar material. However, protection would remain for "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Rule 26(b)(3), F.R.Civ.P. This protection would appear to cover much, if not all, of what the plaintiff seeks in his three production requests. Whether the protection would apply in Florida courts under <u>Ruiz</u> is unclear.

DONE and ORDERED at Tampa, Florida, this 17th day of October, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE